John Donovan, Respondent, v. The Mayor, Aldermen and Commonalty of the City of New York, Appellants.

Where municipal officers act without authority in contracting for the repair of the streets of the city, the city will not be liable for the work performed under such contract.

Thus when the appropriations for repairing such streets had been exhausted, and no appropriation for such purpose existed at the time the work was performed, and the street commissioners had given no certificate as to the necessity of such work, and the common council of the city had not authorized it, the city would not be liable for work performed upon its streets, and material for the same provided, though performed under a contract with some of the municipal officers.

The action was for work and materials. The complaint alleged that in November and December, 1863, the plaintiff performed work, labor and services, and furnished materials, on the public roads of the city of New York, at the request of the defendant, specifying the value thereof, and claiming that the defendant was indebted to him therefor.

The answer alleged that $75,000 was appropriated by chapter 227 of the Laws of 1863 to defray the expenses of repairing roads and avenues for that year; that at the time of the alleged employment of the plaintiff, this appropriation was exhausted, and that there was and is no money in the city treasury applicable to the payment of his claim; that no appropriation covering the expense of the work alleged to have been done by the plaintiff had ever been made; that the necessity for the work had never been certified by the street commissioner, and that the work had never been authorized by the common council.

The plaintiff demurred to the answer, and judgment was rendered in his favor at the Special Term, and affirmed at the General Term.

*John E. Devlin*, for the appellants.

*Thomas C. Fields* and *Henry H. Anderson*, for the respondent.

Porter, J. This is a hard case. A great number of a similar character now pending in the court below, depend upon our decision. If the appellants prevail, the respondent and those similarly situated will be without redress, unless against those who without authority assumed to employ them. If the respondents are right, the city of New York and all other municipal corporations within the limits of the State are delivered over to the local authorities, to be dealt with at the pleasure of city and county officials, practically free from the restraints of State sovereignty, and the limitations of general laws for the protection of the constituent body against favoritism, corruption and improvidence.

The answer of the defendants does not deny that the expenditure in question was contracted by the corporation, and the demurrer substantially admits that the debt was contracted in express violation of law. It concedes: 1. That at the time the cause of action is alleged to have accrued, the appropriation for the expenses of repairing the city roads and avenues for the year 1863 was exhausted. 2. That there neither was nor is in the city treasury any money applicable to the plaintiff's claim. 3. That the necessity for the work alleged in the complaint was never certified by the head of the appropriate department. 4. That the work alleged to have been performed by the plaintiff, was never authorized by vote of the common council.

The amended charter of the city provides, that "no expense shall be incurred by any of the departments or officers, whether the object of the expenditure shall have been ordered by the common council or not, unless an appropriation shall have been made covering such expense." (1 Laws of 1857, p. 884, § 28.) It further provides that "no expenditure for work or supplies, for which no contract is required, shall be made, except the necessity therefor be certified to by the head of the appropriate department, and the expenditure be as authorized by the common council." (1 Laws of 1857, p. 886, § 38.)

The act appropriating the sum of $75,000 for work on the roads and avenues in the year 1863, embraces an express

provision, that nothing therein contained should be "construed to authorize any department or officer of said corporation, or any other person or persons, to incur any expenses for any purposes whatever, to be paid from the city treasury, which are not expressly authorized by law, or exceeding in amount the sums provided for respectively by this act, or by other laws." (Laws of 1863, p. 310, § 3.)

The expenditure alleged in the present case belonged to the street department. (1 Laws of 1857, p. 880; § 23.) As there was neither an appropriation for the work nor a certificate of its necessity by the head of the department, and as it was unauthorized by the common council, the contract was made by the municipal authorities in direct violation of law. A contract thus made by public officers, acting in a purely fiduciary capacity, is a simple and absolute nullity. The city has no power to act, except through its municipal officers, and when they assume, as its agents, to exercise authority in disregard of prohibitions applying alike to them and their principal, their action is wholly ineffectual, unless it be to subject them to personal liability for assuming powers with which the law has not clothed them. (Irish Eq. R., new series, 19.)

The parties aggrieved have no remedy against the corporation. They were employed in contravention of the policy and terms of the statute, and they cannot invoke the aid of the courts to enforce an unlawful agreement. They could not contract with the city, except through its authorized agents, and they are chargeable in law with notice of the limitations of official authority imposed by general laws. (*Fairtitle* v. *Gilbert*, 2 Durn. & East, 169; *Hodges* v. *City of Buffalo*, 2 Denio, 110, 112; *Brady* v. *Mayor of New York*, 2 Bosw., 173, 183; *S. C.* affirmed, 20 N. Y., 312; *Appleby* v. *Mayor of New York*, 15 How., 428; *Supervisors of Rensselaer* v. *Bates*, 17 N. Y., 242; *Smith* v. *Mayor of New York*, 4 Sandf., 227; *S. C.* affirmed, 6 Seld., 508.)

The decision of the Supreme Court should be reversed, with judgment for the defendant on the demurrer.

Campbell, J. The action was brought to recover for work and labor on the public roads, and materials furnished for the same, in the months of November and December, 1863. The answer avers that there was an appropriation to defray expenses and repairs of roads and avenues in 1863, amounting to $75,000, but in November and December, 1863, when the work and labor were performed and materials furnished, such appropriation was exhausted. And further, that no appropriation was ever made, covering the expenses of the work alleged to have been done, and that such work was never authorized by the common council; and the necessity for the work was never certified to by the street commissioner. The answer was demurred to, for the reason that it did not state facts sufficient to constitute a defense to the complaint; and on such demurrer the Supreme Court in the first district ordered judgment for the plaintiff.

The answer, in this case, was drawn with reference to the provisions of chapter 446 of the Laws of 1857, being "An act to amend the charter of the city of New York." That act establishes various executive departments, and defines and regulates the powers and duties of the heads of such departments. In the 22d section, among other things, it is enacted that "no accounts shall be paid on account of any appropriations after the amount authorized to be raised by tax for that specific purpose shall have been expended." By section 23d, the "street commissioner" is declared to be the head of one of these executive departments, and that department, among other things, "shall have cognizance of opening, altering, regulating, grading, flagging, curbing, guttering and lighting streets, *roads*, places and avenues, of building, repairing and lighting wharves and piers, the construction and repairing of *public roads*, &c." Section 31 enacts that "annual and occasional appropriations shall be made by proper ordinances of the common council for every branch and object of city expenditure, and no money shall be drawn from the city treasury, except the same shall have been previously appropriated to the purpose for which it is drawn." Section 38 enacts, that in all cases of work to be done, or supplies furnished,

when the amount of expenditure is more than two hundred and fifty dollars, the appropriate heads of departments shall make contracts therefor, and also expressly declaring that "no expenditure for work or supplies, involving an amount for which no contract is required, shall be made except the necessity therefor be certified to by the head of the appropriate department, and the expenditure be as authorized by the common council."

The plaintiff claims for work and labor on, and materials furnished for, the "*public roads*" in November and December, 1863. The defendant answers that at that time the original appropriation for repairing roads had been exhausted, and that no appropriation covering the expense of the alleged work was ever made, and the necessity for such work was never certified to by the street commissioner, nor was it ever authorized by the common council. That would seem to be a very plain and direct answer, under the act of 1857, to the plaintiff's claim. If the answer be true, then the plaintiff was employed, and the expenditure made in direct violation of law, and in the very teeth of the statute enacted to protect the city against the wrongful acts of some of its officers.

I think this judgment should be reversed, and judgment ordered for the defendant on the demurrer.

All the judges concurring, the judgment was reversed, with final judgment for the defendant.