## HAUGHWOUT v. MAYOR, &c. OF NEW YORK.

### June, 1866.

The provision in the charter of New York city (1 *L.* 1857, p. 886, ch. 446, § 38), which allows, by a vote of three-fourths of the members elected

to each board of the common council, work to be done for the city without a contract,—only extends to work necessary to be done to complete or perfect a particular job, and not to work of a general character nor to a whole job or an original undertaking.

Even if that provision could apply to a whole job and an original undertaking, still, the vote of the common council must precede, and not follow the performance of the work; and a subsequent vote of the common council cannot cure the want of a precedent contract, nor give the party performing the work a claim to compensation.

Eder V. Haughwout and Charles L. Tiffany sued the Mayor, &c. of New York, in the New York common pleas.

Plaintiffs were the president and treasurer of the Broadway Association, an association composed of the merchants doing business on Broadway, in New York, who had voluntarily cleaned that street four nights in the week for two years. They had paid the contractor who performed the labor, eleven thousand dollars, leaving a balance due to him of seven thousand seven hundred and twenty dollars, and this deficiency they petitioned the common council to pay. The common council, by a three-fourths vote in each body, adopted a resolution, providing that the comptroller be directed to draw his warrant for that sum in favor of the plaintiffs, to pay for cleaning Broadway, and charge the same to its appropriate account. The comptroller declined to do as required, and this suit was brought.

Plaintiffs had judgment, which was affirmed by the court at general term, and defendants appealed to this court.

BY THE COURT.—PECKHAM, J.—It is not pretended that the defendants ever employed the plaintiffs, directly or indirectly, to do this work. It was never done on the credit of the defendants. It was done upon the express arrangement that the association of which the plaintiffs were the officers should raise the money by subscription and pay it. Failing to raise the money as anticipated, they then petitioned the defendants to pay it, and they adopted a resolution to that effect. The question is, is that resolution obligatory, and sufficient to sustain this action?

The defendants' counsel introduced in evidence on the trial

certain ordinances of the city of New York, whereby it was provided that " all work to be done for the corporation shall be performed by contract;" that all such contracts must be authorized by the common council, and then shall be made by the department under whose direction the work is to be performed; that " no contract shall be made, signed, or executed, until proposals therefor have been advertised, and estimates received and decided upon, as provided by this ordinance, except where otherwise provided by law; nor shall contracts be made, begun, or executed for a sum exceeding $250, until all the proposals, estimates, contracts and papers relating thereto shall have been laid before the common council and confirmed by them, and an appropriation made therefor." This is the substance of all these provisions, so far as applicable.

It is, perhaps, questionable whether they apply to this case at all. There was no work done or to be done "for the corporation."

This association, composed of merchants, owners and occupants, did this work for themselves, voluntarily, and upon their own responsibility, and in no sense " for the corporation," though the public participated in its benefits.

If the visitors at the Central Park, to gratify their taste, had placed statuary or any other ornament there, as a present to the city, and the city had accepted the gift, they might call that furnishing supplies to the city and ask for payment, as well as the plaintiffs can call this work done for the defendants.

It is not free from difficulty to make this " work done for the corporation," so as to form any consideration for this promise or resolution.

But, assume it to be otherwise obligatory, was this work done in direct violation to the law in reference thereto ?

It is insisted that this resolution, having been adopted by " a vote of three-fourths of the members elected to each board," which, by the statute, might dispense with a contract as to " work necessary to be done to complete or perfect a particular job," was equivalent to a similar vote before the work was done ; that such a vote dispensed with the necessity of a contract; that a subsequent ratification is equal to a prior legal employment.

I think that that provision applies only to "work necessary to complete or perfect a particular job," not to work of a general character, not to a whole job, not to a new, original undertaking, but only to a job partly finished, and where something is necessary to its completion. This is not that case.

The statute is express that "all contracts to be made or let by authority of the common council for work to be done," &c., shall be made by the appropriate heads of departments, under such regulations as shall be established by ordinances of the common council. Then follows the provision before referred to. The statute then proceeds to make general provision for all cases with the exception and qualification before mentioned, and says: "And all contracts shall be entered into by the appropriate heads of departments, and shall be founded on sealed bids or proposals made in compliance with public notice advertised in such of the newspapers of the city as may be employed by the corporation for the purpose." *Laws of* 1857, p. 886, § 38.

Again, if the qualification of the statute "unless by a vote of three-fourths of the members elected to each board it shall be ordered otherwise," could be made to apply to a job like this, it seems to me the policy of the law, as well as the language of the act, required that vote to precede the doing of the work. The act is express, even according to the plaintiffs' interpretation, that no work shall be done for the corporation except by contract, unless that contract shall be waived by a three-fourths vote. It was not waived here. It was neither by contract, nor under any waiver of a contract. Then it was clearly done in violation of the law.

It rests with the plaintiffs to establish that a vote, after the work was done, might waive the illegality and make that lawful by relation which was before illegal and in direct violation of the statute. The policy of the statute is in a contrary direction. It intended to insist upon a contract in all cases, unless in one special case the councils should order it to be done otherwise. The necessity for its being so done should be first passed upon by the councils.

The pressure for such a resolution would be far stronger after than before the work, and much more difficult to resist. Hence,

contracts for work under such a rule would soon be the exception, not the rule of practice.

Under the statute before cited, I am quite clear that the duty of making this contract in the manner specified in the statute was committed to the street inspector. The work was done without any such contract, and in direct violation of the statute regulating the doing of such work. In such case no subsequent ratification of the common council can give the party any claim to compensation.

We are referred to Peterson v. Mayor, &c. of N. Y., 17 *N. Y* 449, as sustaining the position of the plaintiffs. The court there held that the work done in that case was not within the aim of the statute; that the services might have been lawfully rendered at the expense of the city by a person directly employed by resolution of the common council, or by any express or implied authority; but held that where the charter or a statute binding upon the corporation has committed a class of acts to particular officers or agents, other than the general governing body, or where it has prescribed certain formalities or conditions to the performance of any description of corporate business, the proper functionaries must act and the designated terms must be observed, and generally no act of recognition can supply a defect in these respects. *Ib.;* 17 *N. Y.* 454, per DENIO, J. People *ex rel.* Smith v. Flagg, *Id.* 584, holds no different doctrine.

The same doctrine is held in Donovan v. Mayor, &c. of N. Y., 33 *N. Y.* 291, where Mr. Justice PORTER remarks that the city has no power to act except through its municipal officers, and where they assume as its agents, to exercise authority in disregard of prohibitions applying alike to them and their principal, their action is wholly ineffectual unless it be to subject them to personal liability for assuming powers with which the law has not clothed them.

In Harlem Gas Co. v. Mayor, &c. of N. Y., 33 *N. Y.* 309, this court held that the supply of gas was not within the purview of the statute requiring advertisements and bids. I am unable to find any principle that will sustain this judgment.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

All the judges concurred.

Judgment reversed, and new trial ordered, costs to abide the event.