ALANSON T. BRIGGS *v.* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK.

The comptroller of the city of New York has no authority, independently of the common council, to bind the corporation by contract; and, being an officer whose powers are prescribed by general laws, every one dealing with him is charged with notice of the limitations of his authority.

APPEAL by the defendants from a judgment rendered at trial term on a verdict.

The action was brought to recover rent for the use and occupation of certain premises. The facts are fully stated in the opinion of the court. On the plaintiff's resting, the defendants moved to dismiss the complaint, for the reasons: 1. That there was no resolution of the common council authorizing the comptroller to lease this vault. 2. That there was no previous appropriation made covering the expenses. The motion was denied. The jury rendered a verdict for plaintiff, and judg-

ment was entered accordingly. Defendants appealed to the general term.

*Richard O'Gorman*, for appellants.

The action of the comptroller, in hiring the vault in question, is insufficient to bind the corporation; because, as is admitted, no resolution had been adopted by the common council authorizing him to hire it, and the comptroller possesses no power to make such a contract in behalf of the city until directed by the common council (see sec. 38, Charter of 1857, in Valentine's Laws, p. 278 ; Revised Ordinances of 1859, chap. 8, art. 2, sec. 14). And the corporation is not liable for, or bound by, the acts of its officer, the comptroller, exceeding the authority conferred upon him (see Hoffman's "Laws Relating to the City and County of New York," vol. 1, p. 151, *et seq.* ; *People* v. *Stout*, 23 Barb. 349 ; *Altemus* v. *The Mayor &c.* 6 Duer, 446 ; *McSpedon* v. *The Mayor &c.* 15 How. Pr. 462 ; *Swift* v. *The City of Williamsburgh*, 24 Barb. 427 ; *Brady* v. *The Mayor &c.* 2 Bosw. 173 ; *Quinn* v. *The Mayor &c.* [M.S. opinion by Cardozo, J.] ; *Farmers' Loan & Trust Co.* v. *The Mayor &c.* 4 Bosw. 80). The comptroller is a. public officer, performing, under various laws, certain functions, and having no power except as he acts in conformity with them (*Smith* v. *The Mayor &c.* 4 Sandf. 221 ; *Brady* v. *The Mayor &c.* 2 Bosw. 173 ; *Murphy* v. *Commissioners of Emigration*, 27 How. Pr. 44 ;. *Bonesteel* v. *The Mayor &c.* 22 N. Y. Rep. 162).

*Van Cott & Stewart*, for respondent.

By THE COURT.—BRADY, J.—In May, 1861, the plaintiff executed a lease to the defendants of the second floor of the building No. 4 Fourth avenue, for a term of years, at a rent named. Mr. Haws then being the comptroller of the city, executed the lease on behalf of the defendants. The premises secured by the lease were intended for the use of the Inspector of Unsafe Buildings, and were hired in pursuance of a resolution of the common council, passed in due form. After the

lease was executed, it was discovered that no provision for a vault had been made, and Mr. Haws directed an indorsement of the lease as follows: "It is agreed that the vault occupied by Mr. Phillips is to be occupied by the present lessees, at fifty dollars a year rent.　October 29, 1862." It was admitted, on the argument, that no resolution had been passed directing or authorizing the contract made as above, for the vault.　It will be observed that the indorsement bears date 29th October, 1862, long after the lease was executed.　When the comptroller signed the original lease, he exhausted the power conferred upon him. He had hired premises for the inspector of unsafe buildings, and, if any thing more was necessary, it was his duty to have communicated the fact to the common council, and to have received their authority to make a further contract.　He possessed, independently of that body, no power to incur, in their name, any such obligation (sec. 38, Charter of 1857, Valentine's Laws, 278; Revised Ordinances 1859, §§ 13, 14, 15, of chap. 8, pp. 177, 178).　And the plaintiff was chargeable with notice of the limitation of official authority imposed by general laws (*Donovan* v. *The Mayor &c. of New York*, 33 N. Y. 291).　The agreement being void so far as the defendants are concerned, the plaintiff had no claim against them for the use and occupation of the premises.　His remedy was against Mr. Haws, he having contracted for the defendants without competent authority.　These conclusions render it necessary to reverse the judgment entered in this case.　It is not at all certain that even if the hiring of the vault were authorized, we might not be required to reverse the judgment upon the ground that the plaintiff failed to show an appropriation to cover the expenditure necessary to pay for the vault, under the decision in *Donovan* v. *The Mayor &c.* (supra).　It is not necessary to decide that point, however.

The judgment should be reversed.