PHINEAS H. KINGSLAND *against* THE MAYOR, &c., OF THE CITY OF NEW YORK.

Under the charter of the city of New York (L. 1870, c. 137, § 101), providing that no expense should be incurred by any of the departmenfs, boards, or officers of the city government, unless an appropriation had been previously made covering such expense, *Held,* that where an appropriation is made for a specific purpose, and the proper department incurs liabilities to an amount sufficient to exhaust the appropriation, the department has no further power to make contracts binding on the city, for that purpose.

EXCEPTIONS ordered to be heard in the first instance at the general term. The facts are fully stated in the opinion.

J. F. DALY, J.—The learned judge at special term, before whom this action was tried, ordered a verdict for plaintiff for the full amount claimed, $11,763 55 ; but in view of the grave questions of law involved, ordered the exceptions to be heard in the first instance at general term, judgment meanwhile to be suspended. The exceptions were argued at a previous general term, but the court was divided. The same points are now presented. The action is brought by plaintiff as assignee of the claims of a number of persons employed to clean the markets in the city of New York in the months of October, November and December, 1870. The plaintiff put in evidence three pay-rolls, one for each of said months, containing the name of each employee and the wages due him, with a certificate of Thomas Dunlap, collector of city revenue, attached, to the effect that the services were actually performed, and by due authority ; also that the compensation specified is in accordance with law, and the ordinances of the common council. These pay-rolls were produced from the records of the Department of Finance. They were all credited by the auditor of accounts in that department. To each pay-roll when produced a paper was attached, not signed by any person, but filled up in the form of a warrant for the payment of the amount of these pay-rolls to the plaintiff as assignee. No proof was offered to show when

the persons named in the pay-rolls were employed, and we have nothing on that point except the evidence of the pay-rolls themselves that the work was performed continuously from October 1, 1870, to December 31, 1870. The employment appears to have been of the former date, and the question in the case is whether there was any authority of law on that or the subsequent dates for such employment. The charter (L. 1870, c. 137, § 101) in force at the time provided that no expense should be incurred by any of the departments, boards, or officers of the city government, unless an appropriation had been previously made covering such expense. An appropriation of $30,000 for cleaning markets had been made in 1870, but it had been all expended (except a small balance of $513 48) before October 1, 1870. This latter balance was paid out by August 31, 1871, but on what accounts does not appear. The ground taken by plaintiff is, that as an appropriation of $30,000 had been made before his assignors were employed, the law was satisfied, and the municipal officers had power to incur this expense, whether such appropriation was exhausted or not. This, I think, cannot be sustained. The restriction in the charter was a limitation on the power of the city government to incur expense (*Donovan* v. *The Mayor*, 33 N. Y. 293); and this limitation would be of no avail if the appropriation of a specific sum gave them authority to incur limitless expenses under that head, providing each item of expense was, by itself, smaller than the whole appropriation. No such construction of the statute is reasonable. The intent of the law makers is plainly to limit expenditures. The next ground taken by plaintiff is that as a balance of $513 48 remained unexpended to the credit of the appropriation when the plaintiff's assignors were employed, and as the employment of each person involved, for the whole three months, an aggregate sum less than such balance, then the employment of each person by itself was lawful. This is but to state the first proposition in another form. It is to say that if the appropriation were originally $30,000, the city officials might make contracts at one time to expend ten times that amount, providing each contract involved an expenditure which did not exceed the appropriation. The consequences of

such a construction of a plain enactment need not be enlarged upon.

But it is urged that the duty cast upon persons contracting with the city, of ascertaining not only whether an appropriation had been previously made, but also whether contracts or liabilities had been incurred sufficient to absorb it, is too onerous, and was no part of the intention of the Legislature; that if the city officials violate the charter, they, and not the innocent laborers and contractors, should suffer; that it would be well nigh impossible for the latter to protect themselves by ascertaining what other liabilities, besides their own, had been incurred before rendering service to the corporation.

The answer to all that is: that limitations on the power of municipal officers are not to be disregarded on account of the hardship to the individuals. If they were, the hardship would have to be borne by the community generally, for whose protection these limitations are imposed; that all persons dealing with the officers of the city have notice of these limitations of power, and need not furnish time, labor nor material, if there be doubt as to the authority of the department which offers to employ them; that the injured individuals who have relied on the authority of the municipal officers, and have been misled by the latter as to the fact of previous liabilities incurred, and who have no notice of their want of power, are not wholly remediless, but, it would seem, have the right to resort to the agent's individual responsibility when they fail to hold the principal; the agents of the corporation, assuming to act for the corporation, but without authority, being doubtless, under well-known rules of law, personally liable as principals for a debt thus incurred to a person whom they have willfully deceived as to material matters of fact affecting their authority, and nothing would sooner tend to enforce a strict performance of duty by public officers than the enforcing plain provisions of law against claimants when they resort to the city treasury for payment, and leaving them to enforce against the public officials who have exceeded their powers such remedies as they may be entitled to upon showing their own diligence in as-

certaining the power of the officers and any concealment of fact or like deception by the latter (Story on Ag. 264, 7th ed.)

The balance of $513 48 in the treasury, when these contracts of employment were made, cannot be applied to the payment of the plaintiff's claim, because it does not appear that it was not properly paid out upon contracts made before those in suit ; all presumptions and intendments being in favor of the proper discharge of official duty, until the contrary is shown. My view, as to the right of recovery against the city, where contracts in excess of any specific appropriation are made, is that the person whose contract is prior in time to the others is entitled to payment if it be within the sum appropriated, and this even though the whole appropriation had been afterwards improperly expended by the department, the sole question in the case being one of power to make the contract, and this rule would afford ample protection to all contractors who can bring themselves within it.

If the plaintiff's assignors were employed before the appropriation was, in effect, exhausted by prior liabilities, the plaintiff would be entitled to recover, and, as the case is not conclusive on that point, the verdict should be set aside and a new trial ordered, costs to abide event.

DALY, Ch. J., and LARREMORE, J., concurred.

Ordered accordingly.