;c McAdam,
There was an appropriation, sufficient to cover all the expenses of the department of public *487 works, at the time the plaintiff was appointed to the clerkship therein, so that the appointment was a valid exercise of power by the commissioner. The plaintiff passed the requisite civil service examination. This fact, though not alleged in the complaint, was proved under objection. It was not necessary to allege it specifically. The general allegation, that the plaintiff was 6 duly appointed,’ embraced whatever was necessary to a legal appointment. Omnia praesumunter rite et solemnitur esse acta. Having been legally appointed, he could not be lawfully removed until he had been informed of the cause and allowed an opportunity of being heard. Cons. Act of 1882, § 48. The fact that the appropriation is exhausted may furnish proper cause for discharge. Dumphy v. The Mayor, etc., 8 Hun, 479. But the power of removal for this cause, or any other, was not exercised in the present instance. The notice served stated that the plaintiff was suspended. ‘ Suspension ’ means a temporary interruption or cessation of labor. The phrase ‘ removal ’ means a discharge, the act of removing from office, or putting an end to an employment. If the notice served on the plaintiff was intended to operate as a discharge, the use of an inapposite term effectually frustrated the commissioner’s intention. The power to remove conferred, by the statute does not include authority to suspend, and the alleged suspension is, therefore, inoperative. Gregory v. The Mayor, etc., 113 N. Y. 416.
“ The so-called suspension was in consequence of an alleged insufficient appropriation, but the allegation was untrue, as there was unexpended, of the appropriation, $116.89, as late as December 31, 1887, so that want of appropriation could not have been truthfully presented in January, 1887, even as ground for removal. The appointment, though for no specific period, was not temporary in its character. The salary was not so much a day, a week, or month, but $1,000 per year, indicating a regular clerkship that was to continue until cause for
*488 removal arose and the power of removal was exercised. Consolidation Act of 1882, § 48, supra. In this respect the case differs from Dunphy v. The Mayor, etc., supra, in which the appointee was removable at pleasure. The defendant claims that the plaintiff acquiesced in his alleged suspension, and treated it as a removal. There is no proof of this. A man put out does not acquiesce by omitting to force his way back. If an officer takes a man by the collar he does not acquiesce by passive physical non-resistance. Resistance is at times criminal. The acquiescence that evidences the abandonment of a public office must be consent, freely expressed, the acceptance of incompatible employment, formal resignation, removal from the states or some such affirmative act, so repugnant to the existence of incumbency as to demonstrate that abandonment was intended. The term £ abandon ’ includes the intention and the external act by which it is carried into effect. To constitute an abandonment of a right, there must be an unequivocal and decisive act of the party, showing a determination not to have the benefit designed. Anderson's Law Dic. p. 2: There was no such act or intention here. The plaintiff endeavored to return, but was refused permission to work and told that he would not be permitted to come back. He could do no more. He was not obliged to remain idle and suffer from want, and had the right to accept temporary employment to relieve his necessities. The salary of the office was an incident to it, and followed the legal title which remained in the plaintiff. People v. Smyth, 20 Calif. 21; Same v. Ocilton, Ib. 44. The plaintiff being legally in the office, it was the duty of the municipality to provide for the payment of his salary until he was legally removed from it, and, if it neglected to perform that duty, the failure furnishes no defence. Want of the necessary appropriation may disable a department from making a valid contract or appointment. Cons. Act, 1882, §§ 46, 47, but when a valid and binding contract is once made, it is *489 difficult to see how municipal neglect to raise or appropriate the money to discharge it constitutes a legal or meritorious defence to its enforcement. The salary up to the time the claim was presented for payment to the comptroller aggregates $2,552.25, and from this must be deducted the $600 earned from the temporary employments obtained by the plaintiff during the period for which compensation is claimed, leaving $1,952.25 due, for which amount the plaintiff is entitled to judgment, with costs.”
B. C. Chetwood, attorney and of counsel, for plaintiff, argued :—
I. The plaintiff being a “ regular clerk ” could not be removed without being informed of the cause and being allowed a hearing. This is the fundamental law of the city and involves a constitutional right. Consolidation Act, Laws 1882, p. 10, § 48.
II. Plaintiff was a permanent employee of the city classed with a “ head of bureau ” and appointed after a civil service examination, and his term of office was as thoroughly protected by law as that of any city employee.
III. But the defence of the city and the contention of the learned corporation counsel based on the theory of a discharge are all inapplicable to the state of facts proved in this case and were properly set aside by the learned judge in his opinion. No attempt was ever made to discharge plaintiff, either with or without cause, with or without a hearing. The fact was “ you are hereby suspended ” and that could not and did not effect a removal. Gregory v. The Mayor, 113 N. Y. 410; Morley v. The Mayor, 35 N. Y. State Rep. 262.
IV. But it is sought to reduce the judgment by the pittance earned from time to time by plaintiff in temporary employments. To that reduction we except and from it we appeal, and it seems to us that the latest view *490 of the law is clearly on one side. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536.
V. As the learned judge expresses it so tersely”: “ The salary of the office was an incident to it and followed the legal title which remained in the plaintiff; ” exactly in point is Morley v. The Mayor, supra (p. 264). As subsequent neglect or failure to appropriate funds could constitute no excuse for non-payment of an employee already legally in office, no defence remains to the appellants and this judgment should be amended by adding the $600 deducted and as so modified affirmed with costs.
William H. Clark, counsel to the corporation, and Sidney J. Cowan of counsel, for defendants, argued: —
I, Immediately after plaintiff’s alleged suspension he relinquished his office and abandoned it and himself to other employment. One of the serious contentions of the defendants in this case is that the plaintiff regarded his “suspension” (if it may be so called, though it is a misnomer) as a discharge. Confessedly, the plaintiff did no work—not a stroke of work—for the $2,552.25 for which he sues. Immediately after his connection with the department of public works ceased, he applied, so he says, for a “ reinstatement.” He made but two applications for reinstatement, and those applications were within the four weeks after January 20, 1887. This shows he regarded his connection with the department as having ceased and regarded himself as a discharged employee. He never made any further move towards “ reinstatement,” as he calls it, or towards seeking work from the department of public works until December, 1887, and then he did nothing more than to address commissioner Newton by letter. Further than that, during the year 1887 and a short time after his discharge and continuing all through the summer of 1887, he applied to various persons and firms for work and was successful in obtaining the same. This cer *491 tainly is ample evidence that he regarded himself as a discharged employee, and the defendants respectfully insist that refusal of the court below to so find was error. If he had intended to consider himself otherwise, and if he had believed himself to be all during the year 1887 still in the employ of the department of public works, and if he had intended during the year 1887 to insist upon the possession of his office he certainly would have presented himself more than twice to the proper authorities.
II. The protection of the civil service laws of this state cannot be successfully invoked herein by plaintiff. If it be true that the plaintiff abandoned his office and himself to other employment it follows that it is entirely immaterial whether the commissioner of public works suspended or discharged him, or whether the commissioner violated the civil service law by discharging him without a hearing. It is strenuously insisted in this case that the plaintiff cannot claim any protection which he may possibly consider himself entitled to under the civil service laws of this state, for the reason that such claim has not been pleaded by him, nor upon the trial was any motion made to amend the complaint in this respect. Ail special statutes entitling a party to the benefits of any certain law must be pleaded, and defendant should have been charged in the plaintiff’s complaint with a failure to observe and respect the special law, the protection of which the plaintiff desires to invoke upon the trial.
III. It is respectfully insisted that the judgment should at least in part be reversed, for that the hiring was but for a month, or at best for a year.
IV. The defence of failure of appropriation considered. Sections 46, 47 and 48 of the Consolidation Act provide that no expense shall be incurred by any city department unless there has been a previous appropriation therefor, nor shall there be any expense incurred in excess of the appropriation. In section 47 the *492 commissioner of public works is charged -with the “ duty ” of so regulating the amount of money he receives for expenditures that the same shall not exceed the appropriation. A further provision of the section is to the effect that the city shall not be made liable on any claim in excess of the amount appropriated. Section 48 provides that the “ salaries of officers and clerks shall be such as the commissioner of public works shall designate and approve.” Here we find an inhibition from exceeding the appropriation, and an authority given to the chief of the department to so regulate the salary of the clerks by raising them, reducing them or cutting them entirely off, that the appropriation shall not be exceeded. Here we find a failure of the appropriation, or an inadequate appropriation, to be a complete impregnable defence to any action by any employee, whether he be discharged or whether he be suspended or—to put the case in the strongest light possible for the plaintiff—whether he be continued in the department doing work. Had this plaintiff been continued in the department during all this time performing work, and had he never been paid, he could not, in the face of the failure of an appropriation, or the insufficiency of an appropriation, recover a single dollar of his claim. The defence of an insufficient appropriation is as impregnable as the defence of an alibi in a criminal case. Kingsland v. The Mayor, 5 Daly, 448 ; Dillon on Mun. Corp., 4th ed., p. 518 ; Hodges v. Buffalo, 2 Den. 110 ; Donovan v. The Mayor, 33 N. Y. 291; McDonald v. The Mayor, 68 Ib. 23. .
V. The letter of appointment of plaintiff was introduced in evidence by the defendants and it appears therefrom that the fund out of which he was to be paid was the appropriation for “ repairing, renewal of pipes, stop-cocks, etc.—salaries.” That was the appropriation out of which the plaintiff was to be paid. That was the law of his case. Out of that or none must he be paid. It is difficult to conceive how the learned justice *493 before whom the case was tried felt himself compelled to deny the defendants’ request to find that there was no such appropriation for the years 1888 and 1889. The proof is positive that there was none. That was sworn to by Mr. Barrett, and no objection was offered to his testimony other than the objection that it was immaterial. Had the duty of paying plaintiff’s salary been impressed upon the city government Toy statute the case would possibly have been different. But here we find a contract between the parties hereto that the plaintiff shall be paid out of a distinct fund. There certainly was an appropriation of $50,000 for the year 1888, but it is contended that the duty of the chief of the department of public works was to see to it that that appropriation did not become exhausted. If the plaintiff had been retained in the department by the commissioner of public works, that appropriation would have been exhausted before the close of 1887. The evidence shows that on December 81, 1887, $116 remained to the credit of that appropriation. That proof conclusively shows that if the plaintiff had been continued in the department at a salary of $1,000 a year, the appropriation would have been exceeded by. the difference between $116 and $1,000, namely, $884. The commissioner of public works, anticipating this, dispensed with the plaintiff’s services on January 20, 1887. Had he not done so, the appropriation would have been exceeded by the said sum of $884. On the 20th day of January, 1887, the commissioner of public works did his duty pursuant to the terms of sections 46, 47 and 48 of the Consolidation Act, and so adjusted his pay-roll that this $50,000 was not exceeded, and the doing of this resulted in the necessity of dispensing with plaintiff’s further services from January 20, 1887, and it was just as much his duty to do this as it was his duty to obey any other law upon the statute books.
By the Court.—Freedman, J.
The plaintiff was ap *494 pointed May 15, 1886, a clerk in the department of public works of the city of New York at a salary of $1,000 per annum. He served until January 20, 1887, when he was suspended from his position by a written communication from the commissioner then in office. From that day he has not been allowed to do any work for the city, although he applied repeatedly to be allowed to return to work. The action is brought for the recovery of the salary for two years and about six months subsequent to his suspension. The evidence shows neither a discharge nor an abandonment or relinquishment of the office, and inasmuch as under the decision of the Court of Appeals in Gregory v. The Mayor, 113 N. Y. 416, and the decisions of the general terms of the Supreme Court and of this court in the Aqueduct cases, I am compelled to hold that the power of suspension did not exist, the plaintiff was entitled to recover. The failure to make an appropriation constitutes no defence. All the questions presented on defendant’s appeal are discussed at length in the able opinion rendered by the learned judge below, and it is not necessary to add anything to the reasons there assigned. The only error committed by the trial judge consists in the deduction of the sum of $600 earned by the plaintiff from temporary employments during the period for which salary was claimed. Under the decision of the Court of Appeals in Fitzsimmons v. The City of Brooklyn, 102 N. Y. 536, this deduction was unauthorized. The plaintiff is, therefore, entitled to prevail on his appeal.
The judgment should be amended by adding the $600 deducted and as so amended affirmed, with costs to the plaintiff.
Dugro and Gildersleeve, JJ., concurred.