BROOKLYN CITIZEN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Kings County, July 25, 1939.

*Gross & Keck [Edward V. Gross* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel [Albert Cooper* of counsel], for the defendant.

STEINBRINK, J.   The action herein is to recover the price of certain public notices published in the plaintiff newspaper for the benefit of the city of New York during the months of December, 1937, and January, 1938.   The defendant asserts that the plaintiff has been fully compensated for the December, 1937, publications and that as to the January, 1938, publications no claim for compensation may be made by reason of the provisions of the new charter enjoining the defendant from advertising in publications other than the *City Record,* which injunction is made effective by the failure to sanction appropriations for any other form of public advertisement.

The plaintiff was one of the corporation newspapers designated for the publication of notices for the city of New York, and its compensation for any one year was limited to $20,000.   (Former Greater N. Y. Charter, § 1526.)   Plaintiff concedes that it has received $20,000 for the year 1937, but aserts, however, that since payments during 1937 were made in each instance the month following the publication of the requested notice, the December, 1937, publications were payable in January, 1938.   It is unnecessary to determine the merits of this claim for, under the new charter, there can be no recovery for publication in corporation newspapers on or

after January 1, 1938. Subdivision c of section 872 of the new New York City Charter reads as follows: " All advertising required to be done for the city, except as otherwise especially provided by law, and all notices required by law to be published in corporation papers shall be inserted, at the public expense, *only* in the *City Record,* and the publication therein shall *be a sufficient compliance with any law requiring publication of such matters or notices."*

Under section 1542 of the old charter agencies of the city were expressly prohibited from incurring obligations beyond the sums appropriated therefor. A like provision was carried into the new charter (§ 891). Subdivision a of section 891–1.0 of the Administrative Code of the City of New York reads as follows: " It shall be unlawful for any agency to incur any expense unless an appropriation shall have been previously made covering such expense."

Regardless of the unquestioned equities of the plaintiff's claim, the absence of any appropriation for the services rendered and the express prohibition contained in the above-quoted provisions preclude recovery. (*Donovan* v. *Mayor,* 33 N. Y. 291; *McDonald* v. *Mayor,* 68 id. 23.) Plaintiff's remedy, it would seem, is the presentation of an equitable claim pursuant to section 93d–3.0 of the Administrative Code.

In accordance with the foregoing, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment dismissing the complaint is granted.