THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAYUGA POWER CORPORATION, Respondent, *v.* PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Appellant.

Corporations — when organized for private business corporation cannot turn itself by ex parte amendment into one organized for public service.

1. A corporation organized for private business cannot turn itself by amendment into one organized for public service, since the business of a private manufacturing corporation is not, within the meaning of the statute authorizing amendments to certificates (Stock Corporation Law, § 18; Cons. Laws, ch. 59), a business " of the same general character " as that of a public service corporation.

2. Where the certificate, under which a corporation was incorporated, stated that the corporation was organized " to generate and distribute electricity solely on or through private property for railroad or street railroad purposes, or for its own use or the use of its tenants," the effect of this abdication of public functions was to withdraw the corporation, as thus organized, from the jurisdiction and supervision of the public service commission.

3. Where such corporation, after issuing stock and mortgaging its plant to secure bonds and for a time manufacturing electricity for its own use and for that of its tenant, attempted, by an amendment of the certificate of incorporation, to give the corporation the right to occupy the public highways, increased its capital stock, obtained franchises or permits for the use of the public highways from towns and villages, issued new stock, enlarged its plant and business and then filed with the public service commission petitions asking for permission to construct electrical plants and lines and exercise public franchises in enumerated towns and villages and, also, asking that the bonds and stocks already issued be approved and issued *nunc pro tunc* and the public service commission dismissed both petitions, upon the ground that the corporation was a private corporation in its origin and that the *ex parte* amendment of its certificate had not turned it into a public one, the order of the commission should be affirmed.

*People ex rel. Cayuga Power Corporation* v. *Public Service Comm.,* 184 App. Div. 781, reversed.

(Argued May 19, 1919; decided July 15, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 9, 1918, which reversed a determination of the public service commission, second district, and remitted the proceeding to the commission for further consideration. The following questions were certified: 1. " Is the Cayuga Power Corporation upon the facts contained in the record herein entitled as matter of law to require the public service commission, second district, to entertain and consider upon the merits the application of said corporation for leave to construct an electric plant and to exercise franchises under section 68 of the Public Service Commissions Law? "

2. " Is the Cayuga Power Corporation upon the facts contained in the record herein entitled as matter of law to require the public service commission, second district, to entertain and consider upon the merits the application of said corporation for leave *nunc pro tunc* to execute and deliver a mortgage and to issue and dispose of bonds secured thereby, and also capital stock, under section 69 of the Public Service Commissions Law ? "

The facts, so far as material, are stated in the opinion.

*Ledyard P. Hale* for appellant. The answer to the questions certified should be in the negative. (*People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *People ex rel. Sinkler* v. *Terry*, 108 N. Y. 1; *Trust Co. of America* v. *United Boxboard Co.*, 213. N. Y. 334; *Public Service Commission* v. *Rogers Co.*, 184 App. Div. 705; *People* v. *Standard Plate Glass & Salvage Co., Inc.*, 174 App. Div. 501; L. 1905, ch. 737.)

*E. H. Bostwick* for respondent. The Cayuga Power Corporation was properly and legally incorporated under the Transportation Corporations Law. (*Wilson* v. *Tennent*, 61 App. Div. 100; 179 N. Y. 546; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 N. Y. 40; *N. P. Bank* v. *G. A. M. W. & S. Co.*, 116 N. Y. 281.) Even if the Cayuga Power Corporation was improperly incorporated under the Transportation Corporations Law, the subsequent amendment of its charter was lawful, and cured any defects of incorporation that previously existed. (*Wilson* v. *Tennent*, 61 App. Div. 100; 179 N. Y. 546; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 N. Y. 40; *People ex rel. M. G. Co.* v. *Rice*, 138 N. Y. 151.)

CARDOZO, J. In May, 1915, a corporation known as the Cayuga Power Corporation was organized under the laws of this state. Its incorporators said in their certificate that they were acting under article 7 of the Trans-

34

portation Corporations Law (Consol. Laws, chap. 63). The business, however, was to be a private one with no element of public service. The corporation, in the words of the certificate, was " to generate and distribute electricity solely on or through private property for railroad or street railroad purposes, or for its own use or the use of its tenants." The effect of this abdication of public functions was to withdraw the corporation, as thus organized, from the jurisdiction and supervision of the public service commission. The Public Service Commissions Law (Consol. Laws, chap. 48) provides (Sec. 2, subd. 13) that the term " electrical corporation " as used in that chapter shall include every corporation " owning, operating or managing any electric plant except where electricity is generated or distributed by the producer solely on or through private property for railroad or street railroad purposes or for its own use or the use of its tenants and not for sale to others " (See, also, Railroad Law, sec. 33; Consol. Laws, chap. 49). The new corporation issued stock of the par value of $75,000; it placed a mortgage upon its plant to secure $200,000 of bonds; and it proceeded to manufacture electricity for its own use and for that of its tenant, the Cayuga Cement Corporation. These conditions remained unchanged till December, 1916, when an attempt was made, by an amendment of the certificate of incorporation, to give the corporation the right to occupy the public highways. By the amended certificate, the powers and purposes of the corporation were broadened to include " manufacturing and using electricity for producing light, heat or power, and in lighting streets, avenues, public parks and places, and public and private buildings of cities, villages and towns within this state " (Transp. Corp. Law, sec. 60, Cons. Laws, ch. 63). At the same time, the authorized capital stock, which had previously been $75,000, was increased to $200,000. Franchises or permits for the use of the public highways were obtained

from neighboring towns and villages.   Contracts for the
supply of light and power were made with neighboring
manufacturers.   There was an issue of new stock.   There
was an enlargement of the plant.   There remained
seemingly but one thing to complete the transformation
from a private to a public enterprise.   The one thing yet
lacking was the approval of the public service commission.

To win that approval, the corporation filed two
petitions..   The first petition, filed in April, 1917, prays
permission to construct an electrical plant, with poles,
wires, and suitable equipment, and to exercise public
franchises in enumerated towns and villages.   Section
68 of the Public Service Commissions Law provides that
no " electrical corporation shall begin construction "
of an " electric plant without first having obtained the
permission and approval " of the commission, nor
" exercise any right or privilege under any franchise
granted " without like permission and approval   (*People
ex rel. N. Y. Edison Co.* v. *Willcox,* 207 N. Y. 86, 93, 94.)
The second petition filed in June, 1917, prays that the
bonds and stock already issued be approved and authorized *nunc pro tunc.*   Section 69 of the Public Service
Commissions Law provides that stocks, bonds, notes, and
other evidences of indebtedness payable at periods more
than twelve months after the date thereof shall not be
issued by electrical corporations unless the commission
shall consent.   The order must state " the purposes to
which the issue or proceeds thereof are to be applied, and
that, in the opinion of the commission, the money, property
or labor to be procured or paid for " by the issue " is or
has been reasonably required for the purposes specified in
the order," and that except as otherwise permitted
in the order, " such purposes are not in whole or in part
reasonably chargeable to operating expenses or to income."
The public service commission dismissed both petitions.
The corporation, in the view of the commission, was a
private corporation in its origin, and the *ex parte* amend-

ment of its certificate had not turned it into a public one. The Appellate Division reversed by a divided court.

We think the ruling of the commission must be sustained. However the incorporators might style it, this corporation, when organized, was not an electric light corporation within the meaning of article 7 of the Transportation Corporations Law. Such corporations may be organized " for manufacturing and using electricity for producing light, heat or power, and in lighting streets, avenues, public parks and places, and public and private buildings of cities, villages and towns within this state, or for two or more of such purposes " (Transp. Corp. Law, sec. 60), but always subject to the duty of service to the public. This is clearly indicated in section 62, which provides that electric light must be furnished by any electric light corporation upon the application of the owner or occupant of any building within one hundred feet of its wires. Other sections and cognate articles reveal a like scheme (Arts. 1 to 10). The duty to serve the public goes hand in hand with the privilege of exercising a special franchise, with the consent of the local authorities, by the occupation of the public highways (*Armour Packing Co.* v. *Edison El. Co.*, 115 App. Div. 51; *Matter of Pennsylvania Gas Co.* v. *Public Service Commission*, 225 N. Y. 397; Transp. Corp. Law, sec. 61). This corporation disclaimed the privilege and abjured the duty. It was to operate only on private property. It was to manufacture electricity for itself and its tenants just as it might have been formed to manufacture anything else. It was a business, not a transportation, corporation, organized for private gain exclusively, and serving the interests of its stockholders and no one else. Section 18 of the Stock Corporation Law (Consol. Laws, chap. 59) permits any stock corporation to amend its certificate " so as to include therein any purposes, powers or provisions which at the time of such alteration may apply to corporations engaged in a business of the same general character, or

which might be included in the certificate of incorporation of a corporation organized under any general law of this state for a business of the same general character." The business of a private manufacturing corporation is not " of the same general character ." as that of a public service corporation. Amendment of the certificate is, therefore, ineffectual to transmute the one into the other. The corporation as made and the corporation as remade cannot be forced into the same mould. Each is subject to diverse duties, which shape its conduct and the state's restraint from birth to dissolution. That truth is sharply illustrated in the case before us. Shares of stock and mortgage bonds were issued by this corporation without the approval of the commission. They were issued at a time when no approval was necessary, for the corporation by its charter had disclaimed the right to occupy the highways or serve the public generally (Public Service Com. Law, sec. 2, subd. 13). The commission is now asked to approve the issue by order *nunc pro tunc.* The statute does not contemplate approval when disapproval would be futile. Futile it would be here, for shares and bonds were legal when issued, and the statute conveys no hint that the rights of shareholders and bondholders, when once vested, may thereafter be displaced. The conclusion, we think, is obvious. A corporation organized for private business cannot turn itself by *ex parte* amendment into one organized for public service. The legislature did not mean that the power of regulation and supervision, exercised by the commission as its delegate, should be so readily evaded. The choice between selfish good and public service must be made at the beginning. There may be dissolution and a new birth. But regeneration is not complete unless with change of heart for the future, there is disavowal of the past. No process of amendment, operating without prejudice to things already done, can work that transformation.

The order of the Appellate Division should be reversed, and the determination of the public service commission affirmed, with costs in the Appellate Division and in this court, and the questions certified answered in the negative.

COLLIN, POUND, CRANE and ANDREWS, JJ., concur; CUDDEBACK, J., dissents; HISCOCK, Ch. J., not voting.

Ordered accordingly.