FREDERICK HOLLENDER, Suing on Behalf of Himself and Other Stockholders of THE AMERICAN BREWING COMPANY OF ROCHESTER, Appellant, *v.* ROCHESTER FOOD PRODUCTS CORPORATION, Respondent.

Corporations — stockholders — action to dissolve corporation for suspension of its lawful business for one year — may be brought by stockholder only after Attorney-General has failed to act — reserve power of Legislature to alter charters — change from manufacturing ales and beer to manufacture of beverage containing one-half of one per cent of alcohol does not warrant conclusion that corporation has suspended its ordinary and lawful business.

1. Pursuant to sections 101 and 102 of the General Corporation Law an action to dissolve a corporation for the reason that it has suspended its ordinary and lawful business for one year or more can only be brought by a stockholder after the Attorney-General of the State has failed to bring it and leave has been granted to the stockholder by the court.

2. The power of the Legislature to alter from time to time charters of corporations was especially reserved by section 1 of article VIII of the Constitution of the State of New York, in force and effect in 1889 when this defendant was incorporated.

3. Assuming that such reserve power, and amendments under it, could not go to the extent of making radical and fundamental changes

in charters and in the relationship of stockholders to the corporation in which they have invested their money, a change from manufacturing ales and beer to the manufacture of a beverage containing one-half of one per cent of alcohol is not such a radical and fundamental change as to warrant the conclusion that the corporation has suspended its ordinary and lawful business.

Hollender v. *Rochester Food Products Corp.*, 215 App. Div. 751, affirmed.

(Argued May 5, 1926; decided May 14, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 18, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at an Equity Term.

*William M. Stockbridge, James M. E. O'Grady* and *Harry Lesser* for appellant. The resolution of August 12, 1920, although styled an alteration, is not such in reality, but is in effect the substitution of a new charter in place of one whose purpose had by the Eighteenth Amendment and the Volstead Act become unlawful. (*Chicago Lumber Co.* v. *Garner*, 132 Iowa, 282; *Haynes* v. *State*, 15 Ohio St. 455; *Zabriskie* v. *Hackensack*, 18 N. J. Eq. 178; *Spriggs* v. *Western Union Telegraph Co.*, 46 Md. 67; *Lord* v. *Equitable Life Assurance Co.*, 194 N. Y. 212; *Witherbee* v. *Bowles*, 201 N. Y. 427; *Miner* v. *State of Georgia*, 63 Ga. 318; *State of North Dakota* v. *Olson*, 26 N. D. 304; *Nevin* v. *Ladue*, 3 Den. 437; *State of Vermont* v. *Brown*, 37 Vt. 57; *Murphy* v. *Inhabitants of Montclair*, 39 N. J. L. 673.) The " purposes, powers and provisions " enumerated in the resolution of August 12, 1920, are not purposes, powers, or provisions for the carrying on of businesses " of the same general character " as the manufacture and sale of beer and ale. (*New Haven, etc., R. Co.* v. *Chapman*, 38 Conn. 56; *Com.* v. *Kebert*, 212 Penn. St. 289; *Permell* v. *State*,

141 Wis. 35; *State* v. *Oliver*, 26 W. Va. 422; *Matter of Pennsylvania Bottling Co.*, 6 Penn. Dist. 530; *State* v. *Taylor*, 55 Ohio St. 61.)

*Samuel B. Dicker* for respondent. The plaintiff, as a minority stockholder, does not have legal capacity to bring this action. The plaintiff has failed to state a cause of action because the defendant corporation has complied with section 18 of the Stock Corporation Law, in effect August 12, 1920, entitled " alterations or extensions of business " for the procurement of an amendment to its charter. (*Matter of Penn. Bottling Co.*, 6 Penn. Dist. 530; *Buffalo & N. Y. C. R. R. Co.* v. *Dudley*, 14 N. Y. 336; *Lord* v. *Equitable Life Assur. Society*, 179 N. Y. 212; *Union Hotel Co.* v. *Hersee*, 79 N. Y. 454; *Joslyn* v. *Pacific Mail Steamship Co.*, 13 Abb. Pr. [N. S.] 329; *Looker* v. *Maynard*, 179 U. S. 46; *People ex rel. Municipal Gas Co.* v. *Rice*, 138 N. Y. 151; *Jameson* v. *Hartford Fire Ins. Co.*, 14 App. Div. 380.)

*Per Curiam.* This action has been brought to dissolve a corporation for the reason that it has suspended its ordinary and lawful business for at least one year. Pursuant to sections 101 and 102 of the General Corporations Law this kind of an action can only be brought by a stockholder after the Attorney-General of the State has failed to bring it, and leave has been granted to the stockholder by the court. Without deciding whether or not the plaintiff is barred from maintaining this action by reason of his failure to comply with this procedure, we pass to a consideration of the main or substantial point in the case.

In 1889 defendant was incorporated in the State of New York under the name of the American Brewing Company of Rochester, N. Y., for the purpose of the manufacture and sale of beer and ale. In August of 1920 it altered its certificate of incorporation so as

to include within its purposes and powers the manufacture and sale of foods and drinks and all their ingredients, including the dealing in refrigeration. The alteration of its charter was permitted by section 18, now section 35, of the Stock Corporation Law (Cons. Laws, ch. 59). The power of the Legislature to alter from time to time charters of corporations was especially reserved by article VIII of the Constitution of the State of New York, in force and effect when this company was incorporated.

For the purpose of this appeal we assume that such reserve power, and amendments under it, could not go to the extent of making radical and fundamental changes in charters and in the relationship of stockholders to the corporation in which they have invested their money. (*New York Central & H. R. R. R. Co.* v. *Williams*, 199 N. Y. 108; *Union Hotel Co.* v. *Hersee*, 79 N. Y. 454; *Looker* v. *Maynard*, 179 U. S. 46; *People ex rel. Cayuga Power Corporation* v. *Public Service Commission*, 226 N. Y. 527.)

The question, therefore, arises upon this record whether or not the changes or alterations made in August of 1920 of the charter of the American Brewing Company were fundamental. The case has been argued upon the theory that a change from manufacturing ales and beer to the manufacturing of a beverage containing one-half of one per cent of alcohol, and authorized by the Volstead Act, is such a radical and fundamental change. We do not think so. Whether the corporation could carry on the manufacture and sale of any and all kinds of food supplies we cannot and do not determine. There is nothing in the record to show what the corporation is manufacturing and selling under its extended powers or those relating to the manufacture and sale of food. There are food products of a liquid nature, the manufacture of which might not be a departure from the general character of the business of the corporation, or

[242 N. Y. 490]         Opinion, *Per Curiam.*         [May, 1926.]

constitute a radical and fundamental change from its original purpose.

As it does not appear that the corporation is manufacturing anything but beverages allowed by law or products of like nature the judgment below should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Judgment affirmed.