JOHN T. CLARKE, Plaintiff, *v.* AMERICAN PRESS ASSOCIATION and Others, Defendants.

Supreme Court, New York County, February 19, 1932.

*Holmes, Rogers & Carpenter*, for the plaintiff.

*Brodek, Raphael & Eisner*, for the defendants.

DORE, J. Motion by the answering defendants to dismiss the complaint for insufficiency. This motion is made after the service of the answer and will be treated as a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Assuming that the facts alleged in the complaint are true, the plaintiff as a matter of law is not entitled to any declaratory judgment as prayed for, nor to any relief, either at equity or in law, against the answering defendants. This is an action brought by plaintiff as a dissenting stockholder. He asks for: (1) A declaratory judgment that certain acts of the defendant press association are *ultra vires*. (2) a judgment enjoining the performance of such *ultra vires* acts, and (3) a judgment that the defendants account for wrongful and improper acts. The defendant association was incorporated in 1886. The certificate of incorporation recites the following objects (paragraph 3 of the complaint): " Receiving, collecting and accumulating items and matters of news, and selling, vending, furnishing and supplying the same, in stereotyped and electrotyped plates manufactured by the American Press Association for supplying such news." In 1894 the powers were amended to include " the purchasing, selling, letting, publishing and transferring of news, literary, miscellaneous and other reading matter, and illustrations, in any form or manner whatsoever; the manufacturing, letting or selling of the same in stereotyped form or otherwise, and do all things incident thereto."

Plaintiff became a stockholder in 1910, and has continued as such to date. He alleges as the *ultra vires* acts that in 1912 the defendant press association went into the business of advertising, publishing a newspaper, etc.; that theretofore he protested against such activities; that these acts have been continued down to the present date; that in 1918 a special meeting of stockholders was called for the purpose of amending the certificate; and that this was

amended to include the right to do all the *ultra vires* acts. The plaintiff contends that the new amendment was such a vital and radical change that it required the consent of all the stockholders. The amendment of the certificate of incorporation of the American Press Association in April, 1918, was authorized by section 18 of the Stock Corporation Law; ▌ the amendment expressly provided for the corporate activities now complained of as *ultra vires;* and plaintiff as a minority stockholder is bound thereby. (*Lord* v. *Equitable Life Assurance Society of United States*, 194 N. Y. 212, 221; *Matter of Oliver Lee & Co.'s Bank*, 21 id. 9; *Union Hotel Co.* v. *Hersee*, 79 id. 454.) The 1918 amendment did not fundamentally and radically change the association's character or objects. (*Hollender* v. *Rochester Food Products Corporation*, 242 N. Y. 490.)

In regard to the activities of the defendant American Press Association between 1912 and 1918, with respect to the activities claimed by the plaintiff as a minority stockholder as *ultra vires*, I hold that this plaintiff has slept too long upon his alleged rights and is barred from any action, for an accounting or otherwise, in respect to such activities prior to 1918. (Civ. Prac. Act, § 53; *Ford* v. *Clendenin*, 215 N. Y. 10, 16; *Keys* v. *Leopold*, 241 id. 189.) I consider it unnecessary for the disposition of this application to determine whether or not such activities of the said defendant corporation between the years 1912 and 1918 were *ultra vires*. Were it necessary to decide such question I am of the opinion that the contention of the answering defendants, convincingly urged, that such business activities were necessarily incidental to those specified in the association's 1894 charter and the main objects and purposes of the corporation, should be sustained.

Doubt as to the construction of a grant of power should be resolved in favor of the corporation, especially where, as here, the power exercised is not wholly inconsistent with the powers granted or with the object and purpose of the corporation, and also where the power has been exercised for a long period of time — in this case, twenty years.

The motion of the answering defendants is granted and the complaint is dismissed, with ten dollars costs. The clerk is directed to enter judgment in favor of the answering defendants against the plaintiff dismissing the complaint, with costs of action, together with said ten dollars motion costs. Ten days' stay is granted and thirty days to make a case. Order signed.