SADYE ALPREN, Plaintiff, *v.* CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., Defendant.

Supreme Court, Special Term, New York County, April 27, 1938.

*Abraham L. Pomerantz*, for the plaintiff.

*LeBoeuf, Machold & Lamb*, for the defendant.

NOONAN, J. This is a motion pursuant to Civil Practice Rule 112 of the Rules of Civil Practice to dismiss the complaint for insufficiency.

Plaintiff is, and since 1923 has been, the registered owner and holder of fifty shares of the common capital stock of defendant, which is a domestic corporation under Article Two of the Transportation Corporations Law, engaged in the business of manufacturing, producing and otherwise acquiring and supplying for public use gas and electricity for light, heat, and power. The purpose of this action brought in equity, is to enjoin defendant from merging the New York Steam Corporation, a domestic corporation under Article Nine of the Transportation Corporations Law, engaged in the business of supplying steam to consumers in the City of New York from a central station or stations through pipes principally laid under the public streets. Defendant has acquired or is about to acquire, or so the complaint alleges, ninety-five per cent of the stock of the New York Steam Corporation. According to the complaint the shareholders of the defendant have already adopted a resolution authorizing its officers to file a certificate, under section 35 of the Stock Corporation Law, to acquire the power to engage in the business of a steam corporation. To this resolution plaintiff did not assent. Plaintiff seeks not only an injunction against the

merger but also to restrain defendant from engaging in the manufacture and distribution of steam.

By chapter 778 of the Laws of 1936, a statute amending section 85, subdivision 1, of the Stock Corporation Law, a gas and electric corporation is authorized to merge any other gas and electric corporation at least ninety-five per cent of the stock of which is owned by the merging corporation. This statute modifies, in the case of gas and electric corporations only, the statutory requirement generally applicable that the merging corporation own all of the stock of the merged corporation. Section 85, subdivision 1, of the Stock Corporation Law was further amended by chapter 815 of the Laws of 1937, so as to authorize a gas and electric corporation owning ninety-five per cent of the stock of any district steam corporation to merge the steam corporation. Prior to the amendment, the statute (Stock Corporation Law, section 85, subdivision 1) contained only the requirement, with no exception thereto, that the business of the merged corporation be " similar or incidental " to the business of the merging corporation.

The proposed merging by the defendant gas and electric corporation of the aforementioned steam corporation is to be founded upon the authority conferred by the two amendatory statutes aforesaid.

The plaintiff contends that both of these statutes, chapter 778 of the Laws of 1936 and chapter 815 of the Laws of 1937, are unconstitutional, in so far as they interfere with her vested rights as the owner of the stock of a corporation which, prior to and apart from the amendments embodied in these statutes, could not merge another corporation unless it owned all of the stock thereof, and could not, as plaintiff maintains, merge a steam corporation or engage in the business of manufacturing or distributing steam for public consumption.

Whether a stock corporation should be permitted to merge another corporation of similar powers, ninety-five per cent of the stock of which it owns, is primarily a matter of public policy, within the province of the Legislature to control. A shareholder is not entitled to the continued protection of a statute requiring the merging corporation to own every outstanding share of the stock of the merged corporation. See *Colby* v. *Equitable Trust Co.*, 124 App. Div. 262, at p. 265, 266. The amendatory statute permitting the merging, in the case of gas and electric corporations, of a ninety-five per cent owned corporation, effects but a slight modification of the statutory requirements for merger theretofore existing. It is reasonable to infer that plaintiff's objection to having her corporation take over another corporation ninety-five per cent instead of

one hundred per cent owned by the former, is not founded upon the belief or apprehension that she is about to be or may be deprived thereby of a property or contract right which she theretofore had, but rather upon extrinsic considerations. Constitutional prohibitions against impairment of vested property interests, or of benefits flowing from existing contracts, operate only to safeguard substantial rights and interests, not some imagined advantage. Whether the Board of Directors of defendant corporation is exercising good business judgment in effecting the merger is of course beside the point. Directors are as likely to err in merging a wholly owned corporation as in merging one almost wholly owned.

The distinction drawn by the Legislature between mergers of gas and electric corporations with one another or with a steam corporation, and mergers of other corporations — for in the case of other corporations complete ownership by the merging corporation of the stock of the merged corporation is still requisite — is not to be presumed arbitrary, without basis in reason. That distinction does not invalidate the amendatory statute. *New York Central & H. R. R.R. Co.* v. *Williams*, 199 N. Y. 108, 123.

Nor is plaintiff deprived of any property or contract rights as the result of the statutory amendment authorizing a gas and electric corporation to merge a district steam corporation, although the merger entails an enlargement or extension of the powers and activities of the gas and electric corporation to include the manufacture and distribution of steam. The Legislature apparently considered that the businesses and activities of such corporations are of a similar nature, as indeed they are. Gas, electric, and steam corporations, all furnish, for public consumption, by a system of general distribution, facilities for heat and power. Their respective methods of operation and the services they each sell to the public are, broadly viewed, pretty much the same. It has never been thought that a minority stockholder could prevent a corporation from extending its corporate powers consistently with the scope and objects of the corporation as originally constituted if the necessary authority for the extension exists or is obtained by the enactment of appropriate legislation. See *Hollender* v. *Rochester Food Products Corp.*, 242 N. Y. 490; *Clarke* v. *American Press Assn.*, 145 Misc. 370, Dore, J. A shareholder has not the constitutional prerogative to insist and require that the limits of corporate activity and expansion remain for all time rigid and immobile. If his fellow stockholders, under present law, those owning two-thirds of the corporate stock, wish to take advantage of what seem to them expanding opportunities they may do so, free of any restraint by the remainder of the stockholders, if only

they do not deviate, to an unreasonable degree, from the scope and objects of the corporation as originally conceived, and the Stock Corporation Law, section 35, lays down the procedure to be followed by them.

Here also, it is for the Legislature to decide whether it is sound public policy to allow a gas and electric corporation to manufacture and sell steam for public use. No question other than that of public policy is involved. As stated above, a corporation may embark upon activities originally unauthorized, if related to those originally authorized, and if the stockholders owning the necessary majority of the stock wish it. It is for the Legislature to determine, within reason of course, the proper limits of expansion or extension, and unless reasonable limits are transcended, the courts should not override the judgment of the Legislature.

Again, whether in this instance it is good business for the gas and electric company to acquire the steam company, is an irrelevant consideration. The only question to be considered is whether the extension authorized by the statute is plainly inconsistent with the original scope and objects of the gas and electric corporation. But, as above stated, the practical similarities between the business of the gas and electric corporation and that of the company distributing steam carried in mains and conduits laid under the public streets, are marked; the judgment of the Legislature that these are similar businesses should be accepted by the courts. (See *People ex rel. Municipal Gas Co. of Albany* v. *Rice*, 138 N. Y. 151; *Mayor* v. *Twenty-Third Street R. Co.*, 113 id. 311, at page 317; *Buffalo & New York City R. R. Co.* v. *Dudley*, 14 id. 336; *McKee* v. *Chautauqua Assembly*, 130 F. 536; *York Haven Water & Power Company* v. *Public Service Commission*, 287 Penn. St. 241, 134 A. 419; *Outwater* v. *Public Service Corporation of New Jersey*, 103 N. J. Eq. 461, at pages 468, 469, 143 A. 729.)

As plaintiff is deprived of no constitutional rights by a merger carried out pursuant to the statutes she attacks, the motion to dismiss the complaint is granted.

Settle order.