ELVETA MASSEY, as Administratrix of the Estate of ELVETA F. MASSEY, Deceased, Respondent, v. THE BORDEN COMPANY, Appellant. (Appeal No. 1.).

The complaint states four causes of action, two based upon the negligence of the defendant and two based upon an alleged breach of warranty. It is the two latter to which the motion is directed. The action is based upon the negligence of the defendant in the preparation of certain milk which was sold to the mother of the plaintiff's intestate, causing injuries to the infant which finally resulted in her death. It appears from the face of the complaint that the mother of the plaintiff's intestate was the purchaser of the milk. There is no allegation of an express warranty made to the mother for the benefit of the intestate and, consequently, the case is not governed by *Pearlman* v. *Garrod Shoe Co.* (276 N. Y. 172), but by the line of decisions holding that there is no implied warranty as to the merchantable quality of food sold except to the buyer. (*Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388; *Gimenez* v. *Great Atlantic & Pacific Tea Co.,* 264 N. Y. 390; *Bourcheix* v. *Willow Brook Dairy, Inc.,* 268

N. Y. 1.) While the notice of motion to dismiss the second and fourth causes of action for failure to state sufficient facts to constitute a cause of action might more properly have been made pursuant to rule 106 of the Rules of Civil Practice, where such a motion is made after answer is served it will be treated as a motion for judgment on the pleadings. (*Clarke* v. *American Press Association*, 145 Misc. Rep. 370.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.