Nicholas M. Pette, J.
Plaintiff moves for an order to examine Robert F. Wagner, individually and as Mayor of the City of New York, and Nelson Seitel, individually and as administrative assistant to the Mayor of the City of New York. The City of New York appears to be the only defendant in this action, Mayor Robert F. Wagner and Nelson Seitel not having been served with any summons or complaint herein. The defendant City of New York cross-moves to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The city has interposed an answer to the *769 complaint consisting of a general denial and containing separate defenses of (1) plaintiff’s alleged failure to comply with section 50-e of the General Municipal Law, and (2) failure to commence the action within the time prescribed by the Administrative Code of the City of New York.
The court will first consider the motion addressed to the complaint, since, should that be found to be insufficient, the motion for the examination before trial on the present pleadings would become academic.
The motion to dismiss the complaint is made upon the pleadings and is within the purview of subdivision 4 of rule 106 of the Rules of Civil Practice permitting such motion to be made at any time before trial. It is also within the purview of section 117 of the Civil Practice Act, and may be considered though no supporting affidavits were submitted with the notice of cross motion (Levine v. Levine, 92 N. Y. S. 2d 180; Moffat v. Phoenix Brewery Corp., 247 App. Div. 552).
A motion to dismiss the complaint for insufficiency, made after service of the answer, under rule 112 of the Rules of Civil Practice may be treated as a motion for judgment on the pleadings (Loewinthan v. Beth David Hosp., 9 N. Y. S. 2d 367; Clarke v. American Press Assn., 145 Misc. 370, 371). On a motion to dismiss a complaint before answer for insufficiency, as well as on a motion for judgment on the pleadings, every intendment and fair inference must be attributed to the allegations of the complaint (Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432; Hurwitz v. Hurwitz, 216 App. Div. 362; Moore v. Bonbright & Co., 202 App. Div. 281) to determine whether a cause of action may be spelled out.
This is an action to recover $250,000 damages for alleged fraud and deceit allegedly sustained by the plaintiff, because of alleged misrepresentations made to her by Mayor Robert F. Wagner and Nelson Seitel, the administrative assistant to the Mayor, to the effect that the plaintiff would be and had been appointed a deputy commissioner of the department of purchases of the City of New York, a deputy commissioner of the department of hospitals of the City of New York, and to the department of commerce on the Mayor’s reception committee.
After reading the 57 numbered paragraphs of the plaintiff’s lengthy complaint, and after giving every allegation every intendment and fair inference, the court is unable to find that the complaint states facts sufficient to constitute a cause of action. Consequently, the complaint must be and hereby is dismissed for insufficiency, and the defendant is entitled to judgment on the pleadings. This disposition renders it unneces *770 sary to pass upon plaintiff’s motion for an examination before trial, which motion becomes academic.
The complaint states i/nter alia, that plaintiff was a registered Democrat working in the compaign for the election of Democratic candidates, including Robert F. Wagner, and that on his personal request and the request of other officials, she undertook to contribute time and effort to work for the Democratic party to assist in the campaign to elect candidates of that party. The gravamen of her complaint is that the promises and representations made to her with respect to the aforesaid positions, were never kept, were untrue and that she was given the “ run around ”. The court can only sympathize with the plaintiff and note that the numbers of those suffering from similar situations are legion all over the land. However, since such promises and representations cannot give rise to any cause of action for damag-es, being against public policy and ultra vires, as hereinafter indicated, the court is constrained to grant the defendant’s motion to dismiss the complaint for insufficiency.
The appointments to the various positions alleged in the complaint, that were allegedly promised to the plaintiff, are governed by section 882 of the New York City Charter, which vests the power of such appointments exclusively in the head of each city department, and it was not within the scope of the employment, authority or office of the Mayor and his administrative assistant to make such appointments.
To render a municipal corporation liable for the tortious act of an officer or servant, the act must have peen performed within the scope of employment (18 McQuillin on Municipal Corporations [2d ed. rev.], § 53.69). And a person dealing with the agents of a municipal corporation has no right to presume that they are acting within the scope of their duty or authority, but must be careful to see that they are acting within the provision of the law which confers authority upon them, and see that its charter has been fully complied with. (Smith v. City of Newburgh, 77 N. Y. 130; Robinowitz v. City of White Plains, 269 N. Y. 670; McDonald v. Mayor, 68 N. Y. 23.) And no officer of a municipality has power to impose liability upon the city by estoppel (New York City Employees’ Retirement System v. Eliot, 267 N. Y. 193; Lord & Burnham Co. v. City of New York, 251 N. Y. 198). When municipal officers assume as its agents to exercise authority not vested in them, their action is wholly ineffectual and imposes no liability upon the municipality (Donovan v. Mayor, 33 N. Y. 291).
Plaintiff was chargeable with knowledge of the provisions of the New York City Charter and knew or should have known that *771 neither the Mayor nor the assistant to the Mayor, could lawfully appoint her to the positions designated in the complaint, and she is bound by the provisions of the charter. An unauthorized act of a public official precludes an action for deceit (Lindlots Realty Corp. v. County of Suffolk, 278 N. Y. 45), and the alleged unauthorized acts of the Mayor and his administrative assistant in the case at bar, preclude an action for deceit.
The alleged promise or contract, if such can be inferred from the allegations of the complaint herein, is void and illegal since it is against public policy (45 A. L. R. 1404, 1405, 1406; Gray v. Hook, 4 N. Y. 449; Hager v. Catlin, 18 Hun 448). In passing, it should be also noted that plaintiff had no property right in the positions allegedly promised to her, even were she appointed to said positions, which had no tenure, and plaintiff could, of course, have been discharged therefrom at any time “ at pleasure (New York City Charter, § 882, subd. a.)
The complaint is ' dismissed and plaintiff’s motion for an examination before trial is denied. Submit order.