William E. McClusky, J.
This is a motion under rule 106 of the Buies of Civil Practice to dismiss the complaint upon the ground that the complaint does not state a cause of action.
*395 The gist of the cause of action is that the president of the plaintiff corporation entered into an oral agreement with the defendant Allanson as Mayor of the Village of Phoenix whereby the Mayor agreed that the Village of Phoenix would construct a water main extension at its own expense in Alfred Street providing the plaintiff constructed a sewer at its own expense. That the corporation relied on the representations made that the Mayor had authority and was authorized to make the contract. That the plaintiff constructed the sewer and the village built the water main extension and charged the plaintiff $3,831 for the assessed cost of the main and that the plaintiff paid the village under protest. That the defendant Allanson created a liability upon the village without authority and is personally liable for the amount expended by the village and that the other defendants were present at a meeting when the matter was discussed and did not enter their dissent. That they are liable for the cost of installing the main pursuant to section 333 of the Village Law.
The question that immediately arises is, to whom is the officer, coming within the purview of section 333 aforesaid, liable. The very first sentence of the section imposes a personal liability for the debt, as to the village, for such money appropriated from the village treasury or property disposed of. Clearly the cause of action where the debt has not been paid is vested in the putative village creditor. Where the money has been paid, then the cause of action vests in the village. It is true that the plaintiff paid the village, but that payment was for an assessment for a local improvement. It gives no cause of action against the Mayor. Furthermore there is no allegation in the complaint that any resolution to create a liability or appropriate money or property of the village without authority of law has been passed. Such a resolution would have to be adopted and the other defendants fail to dissent in order to impose liability upon them. They are not required to have their dissent noted to a mere discussion when no board action has been taken.
An individual dealing with a municipal corporation is presumed to know the statutory requirements for the consummation of an agreement with the municipality. Anyone who deals with a public officer is bound to take notice of the scope and limitation of his authority. (Donovan v. The Mayor, Aldermen & Commonalty of the City of N. Y., 33 N. Y. 291; Brill v. Wagner, 5 Misc 2d 768.)
*396 Personal liability of the public officer cannot be presumed but it must be clearly established that the public officer intended to be personally liable. (Nichols v. Moody, 22 Barb. 611.)
But in the instant case the pleadings clearly negative such an intent. In fact the pleadings assume that credit was given because of the public officer status for there would be no point in endeavoring to bring the defendants within the scope of section 333 of the Village Law, if personal credit were extended.
Prom the law applicable thereto and an examination of the complaint, the court concludes that the complaint does not state a cause of action against the defendants individually or collectively.
The motion to dismiss must be granted.