Alexander Del Gtorno, J.
This is a motion for an order dismissing the claim upon the grounds (1) that the court does not have jurisdiction of the subject of the action and (2) that the claim does not set forth facts sufficient to constitute a cause of action.
Claimant alleges in its claim that the State through its Superintendent of Public Works instituted appropriation proceedings against its predecessors in title, taking a permanent negative easement over the lands of claimant, with the right of entry to *979 remove and demolish any signs which might be placed thereon in violation of such easement. The taking map was filed in the office of the State Department of Public Works on May 15, 1958 and in the office of the Clerk of the County of Sullivan on May 16, 1959. Claimant alleges that the act of the State was unlawful, created a cloud upon title and constituted a trespass on the property of claimant. The following damages are sought: for loss of income from May 15, 1958 to September 18, 1961, the sum of $4,500; for legal services rendered in preparing, filing and prosecuting a prior claim, the sum of $1,000; for placing a cloud on claimant’s title by the institution of the appropriation proceedings and the filing of the appropriation maps, the sum of $2,500. The total damages sought amount to the sum of $8,000.
Prior to the filing of the instant claim, a claim had been filed by claimant’s predecessor in title on June 30, 1960, for the appropriation by the State of a permanent easement to be exercised over the property for the removal or prohibition or restriction of any advertising display. Damages in the sum of $30,000 were sought ‘ ‘ by reason of the restrictions placed thereon by the taking of the proposed easement ”, for loss of sign rentals and for diminution of the value of the property. The State moved to dismiss the claim, claimant cross-moving for an order permitting an amendment of the claim so as to allege damage resulting from the filing of the appropriation map purporting to take part of the property owned by claimant. At that time, claimant contended that its claim for damages accrued at the time of the filing of the map. The court found that the purported appropriation constituted an attempt on the part of the Superintendent of Public Works to condemn property in the form of a negative easement for the purpose of prohibiting the erection of billboards under authority of section 30 of the Highway Law. Citing Schulman v. People (10 N Y 2d 249), which held that section 30 of the Highway Law did not confer upon the State the right to condemn property by way of negative easements acquired for the purpose of prohibiting advertising signs capable of being seen from a State highway, the court held that no appropriation had been made. Claimant’s cross motion was denied upon the ground that the proposed amendment was intended to and would allege a new and different cause of action and hence was not timely (Waldo v. State of New York, 2 A D 2d 730). Accordingly, the claim was dismissed without prejudice to the claimant to file and serve claims deemed advisable for damages allegedly sustained by them in connection with the acts of the State.
*980 Addressing itself initially to that portion of the present claim which seeks recovery for legal services, the court holds that it has no authority to make such allowance. (Court of Claims Act, § 27.) That portion of the claim is dismissed.
The State urges that since the Superintendent was powerless to appropriate the easement, and thus had no right to use the land of claimant, the filing of the map did not create an incumbrance. The State argues further that accordingly no appropriation was made, that the act of the Superintendent was a nullity compelling compliance by no one and that a cloud was not cast on claimant’s title.
We do not agree, for the Superintendent proceeded under the Highway Law and by the filing of the map performed an affirmative act. The question involved is not an action on the part of the Superintendent which was performed under the terms of an unconstitutional statute, but rather an act on his part which was performed under an erroneous interpretation on his part of the extent of the authority conferred by the statute. The Schulman case holds, not that the statute was unconstitutional, but that it did not authorize the particular action taken by the Superintendent.
The State has had recourse to the case of Barrett v. State of New York (220 N. Y. 423), to substantiate further its contention that since the statute has been held to give no power to the Superintendent to acquire a negative easement, the same was not binding upon the claimant and he therefore suffered no damage. The situation in that case is not analogous to the instant case. There the court held that it knew of no principle of law under which the State becomes liable because of the adoption of an unconstitutional statute; that such a statute is no protection to officers assuming to proceed under its authority. The court stated further (p. 430): “ If no affirmative act is done under its supposed authority neither the state nor its officers are liable, because the citizen chooses to obey where he need not have done so.”
The same situation does not prevail here. The court has no doubt that a cloud on title was created by the filing of the map by the Superintendent, whose judgment as to the correct application of a valid statute the public was entitled to believe was correct. At the time of filing the claims originally, claimant had no reason to question the authority of the Superintendent in taking the course of action he pursued. When the Schulman case was decided, the claim was pending. The case of Forster v. Scott (136 N. Y. 577), cited by the State is distinguishable. The issue there was between a vendor and a vendee of property, and a *981 map was filed of a proposed street or avenue which entirely covered the plaintiff’s lot. The court held that the statute was void as to plaintiff to the extent that it deprived plaintiff of the right to build upon his lot and created no incumbrance upon it. In the instant case, the appropriation proceedings were directed against specific citizens and their property. The court finds that the filing of the map created a cloud upon title, even though the filing occurred because of the misinterpretation of the extent of the powers granted to him by the Superintendent.
An erroneous construction of the statute by the Superintendent, acting within the scope of his duties, while it may exonerate him from civil liability, does not exonerate the State for an unauthorized appropriation proceeding. The State cites the case of Brill v. Wagner (5 Misc 2d 768) as indicating that the act of the Superintendent cannot attach liability to the State. In that case, there were direct dealings between the plaintiff and the Mayor, and the court held that if a city officer assumes, as its agent, to exercise authority not vested in him, his action is wholly ineffectual and could not bind the city. In this case, the situation is quite different, and the court cannot find that claimant was bound to learn the scope and limitation of the authority of the Superintendent.
The court finds that the claim sets forth facts sufficient to constitute a cause of action.
The question now to be considered is whether the court has jurisdiction of the subject of the action.
The State contends the court is without jurisdiction because the claim was filed more than two years after the filing of the appropriation map.
The taking map was filed in the office of the Clerk of the County of Sullivan on May 16, 1959. The original claim was timely filed on June 13, 1960. The Schulmcm case was decided on July 7,1961. In August, 1961, the State made its motion to dismiss and on September 18, 1961, an order was made dismissing the claim and denying claimants’ cross motion for an order permitting an amendment of the claim. This order dismissed the claim ‘1 without prejudice to claimants to file claims they may deem advisable for damages allegedly sustained by them ’ ’. Claimant then filed a notice of intention to file a claim on October 3, 1961, and filed the instant claim on November 30, 1961.
The court is aware that the filing of the notice of intention and of the instant claim after the two-year period for filing had elapsed was caused by reason of the decision in the Schulman case more than two years after the filing of the map. The order *982 of September 18,1961, also made more than two years after the filing of the map, in effect gave claimant permission to file any claim which it could file under existing provisions of law.
Whatever reason may exist or be apparent for the filing beyond the statutory two-year period, and on whatever theory claimant has elected to proceed, the fact remains and is obvious that the filing of the notice of intention and of the instant claim is belated.
More than two years having elapsed since the accrual of any claim, the court is constrained to hold that the claim herein was not timely filed. (Court of Claims Act, § 10.)
The motion is granted upon the ground that the court does not have jurisdiction of the subject of the action.