Harold E. Koreman, J.
In this action for a declaratory judgment, the plaintiffs move for an order striking out the answers of both defendants and directing the entry of summary judgment for plaintiffs and the defendant, the Board of Regents of the State of New York, cross-moved for summary judgment in its favor dismissing the complaint. On the return of the motion, the defendant Gottfried appeared but filed no papers.
The action arises out of an agreement between plaintiffs and the defendant Gottfried for the purchase by him of all of the stock of the corporate plaintiff from the individual plaintiffs who are the sole owners thereof. The sale was conditioned upon its approval by the Education Department of the State of New York.
By letter, dated January 2,1964, the counsel of the Education Department advised Gottfried that the articles of incorporation of the plaintiff corporation do not contain any provisions which authorized it to practice engineering. Thereafter, Gottfried commenced an action in the County Court of Albany County seeking the return of his deposit on the purchase price. By order, that action was removed to this court and consolidated with this action.-
It appears that, on December 23, 1952, the corporation filed an application with the Education Department to be registered as a corporation authorized to practice professional engineering under the provisions of section 7209 of the Education Law and in support of the application, the plaintiff Gerald W. Waldbillig submitted an affidavit which stated, in part, that he is the chief *666 executive officer of the corporate plaintiff and that he is duly licensed to practice professional engineering in the State of New York. He stated further: “The said corporation was organized pursuant to and under the laws of the State of New York. The said corporation was, on the fifteenth day of April, nineteen hundred thirty-five and continuously thereafter and to the date hereof lawfully practicing professional engineering and/or land surveying in New York State.” A certificate of registration was issued by the department to the corporation pursuant to chapter 642 of the Laws of 1952 and successive biennial registrations have been issued thereafter.
The certificate of incorporation of the corporate plaintiff states that the purposes for which it is to be formed are: “To engage in the business of building, construction and contracting generally for public or private corporations or persons in this state or elsewhere, and to do and transact all business incidental thereto, and to own and hold real property, buildings, machinery, equipment and tools, incidental to said business, and to do all things necessary to carry on the business of building, contracting and construction generally.”
Plaintiffs contend that the practice of engineering is incidental or auxiliary to the powers expressly conferred and, therefore, the corporation has the implied power to practice that profession; furthermore, any doubt that the power exists should be resolved in favor of the corporation, especially in view of the fact it has been licensed by the State of New York for 12 years.
The Board of Regents takes the position that the right to practice professional engineering cannot be implied from the powers of the plaintiff corporation as set forth in its charter, and, while it has been registered as a corporation practicing professional engineering since 1952, the department relied upon the affidavit hereinabove referred to and never examined the certificate of incorporation until 1964. The board further contends that the issuance of certificates of registration by the department did not confer upon the corporation any additional powers not set forth in its certificate of incorporation.
Article 145 of the Education Law deals with engineering and surveying. Subdivision 1 of section 7209 thereof provides, in part, that no corporation shall be granted a license under this article. The subdivision also provides: “ Nothing herein shall apply to a corporation * * * organized and existing under the laws of the state of New York which on the fifteenth day of April, nineteen hundred thirty-five, and continuously thereafter, was lawfully practicing professional engineering or land sur *667 veying in New York state (Emphasis supplied.) The question to be determined is whether the plaintiff corporation properly comes within the exception.
A corporation possesses and may exercise only such powers given by law, or necessary to the powers so given. (General Corporation Law, § 13.) Plaintiffs argue that the powers granted in the certificate of incorporation, which authorizes the corporation to engage in the general contracting and construction business and to do all things necessary to carry on such business, impliedly carries with it a grant of the power to practice professional engineering. While a corporation is not restricted to the exercise of the powers expressly conferred by its charter, but has the implied or incidental power to do whatever is reasonably necessary to effectuate and accomplish the powers and purposes so granted (Gause v. Commonwealth Trust Co., 196 N. Y. 134), for a power to be deemed implied or incidental, it must be directly and immediately appropriate or necessary to the execution of the expressed powers, and the test to be applied is whether the act in question is in direct and immediate furtherance of the corporate business, fairly incidental to the express powers and reasonably necessary to their exercise (Premium Point Co. v. Emigrant Ind. Sav. Bank, 36 N. Y. S. 2d 829, revd. on other grounds 265 App. Div. 1056, affd. 291 N. Y. 813). “ But powers merely convenient or useful are not implied if they are not essential having in view the nature and object of the incorporation. (People ex rel. Tiffany & Co. v. Campbell, 144 N. Y. 166, 172) ” (Gause v. Commonwealth Trust Co., supra, p. 144). In my opinion, the practice of engineering is not directly or immediately appropriate and necessary to the business of the corporate plaintiff, and while it might be convenient and useful for it to engage in the practice of this profession, its certificate of incorporation carries with it no such power or authority.
Plaintiffs raise the additional argument that where doubt exists as to the powers granted to a corporation, the doubt should be resolved in favor of the corporation, especially when the corporate plaintiff has been licensed to practice engineering for a number of years. The court finds little doubt as to the construction of the grant of power in the corporate plaintiff’s charter. If a doubt did exist, it must also be found that the power exercised is not wholly inconsistent with the powers granted or with the object and purpose of the corporation, and, in addition, that the power has been exercised for a long period of time (Clarke v. American Press Assn., 145 Misc. 370).
*668 Of course, the mere issuance of registration certificates by the department would not confer a power not set forth in the certificate of incorporation (General Corporation Law, § 13).
Since the corporate plaintiff was not authorized by its certificate of incorporation to practice professional engineering, it was not doing so lawfully on April 15, 1935 and continuously thereafter.
Accordingly, the motion of the plaintiffs is, in all respects, denied and the defendant Board of Regents ’ motion for summary judgment dismissing the complaint as to it is granted.