■ JOHN B. WALDBILLIG, INC., et al., Appellants, v. OSCAR GOTTFRIED et al., Respondents.—*Per Curiam.* This is an action for declaratory judgment in which appellants seek to establish the right of John B. Waldbillig, Inc., to continue the practice of professional engineering, to enforce a contract between respondent Gottfried and the individual appellants for the purchase of all the stock of said corporation and to secure an order compelling the Board of Regents to approve the sale (Education Law, § 7209, subd. 1). John B. Waldbillig, Inc., was incorporated in 1929. The purposes for its formation as designated in its certificate are as follows: "To engage in the business of building, construction and contracting generally for public or private corporations or persons in this state or elsewhere, and to do and transact all business incidental thereto, and to own and hold real property, buildings, machinery, equipment and tools, incidental to said business, and to do all things necessary to carry on the business of building, contracting and construction generally." While, as can be seen, there is contained in the certificate no express power specifically authorizing such action, this corporation has been continually engaged in the practice of professional engineering since its inception. In 1963 one Oscar Gottfried, a licensed engineer, contracted to purchase the outstanding stock of the corporation, intending to continue its practice of engineering. Under the terms of the contract the consent to the sale of the Department of Education pursuant to section 7209 of the Education Law was a condition precedent to Gottfried's obligation to purchase the stock. This consent was withheld by the Board of Regents on the grounds that the corporation was not authorized by the provisions of its charter to practice

engineering. The stockholders of the corporation, however, refused to return Gottfried's down payment, and instead they and the corporation began the instant action against Gottfried and the Board of Regents seeking enforcement of the contract and a declaration of the corporation's right to practice engineering. Thereafter, Gottfried commenced an action in the County Court, Albany County, to recover his down payment which action was consolidated by order with this action. The sole question presented is whether or not John B. Waldbillig, Inc., can legally engage in the practice of professional engineering in the State of New York. There is no question that it has in fact been continually engaged in such activities since 1929 and thus since it was so engaged prior to 1935 could continue if it has been "*lawfully* practicing professional engineering" (emphasis added, Education Law, § 7209, subd. 1). The court below in upholding the Board of Regents determined that the certificate of incorporation did not expressly or implicitly grant to the corporation the power to practice professional engineering and that since there was no doubt as to this conclusion, the existence of such power could not be based on the maxim which sanctions the exercise of a questionable power when there has been a long history of use and the power is not wholly inconsistent with the specific powers enumerated (*Clarke* v. *American Press Assn.*, 145 Misc. 370). We cannot agree that the question of whether the practice of professional engineering was incidental to or implied from the enumerated powers contained in this corporation's charter is so decisive that the rule of *Clarke* v. *American Press Assn.* (*supra*) is not applicable here, especially since its charter was drawn at a time when there was no restriction on a corporation's practicing professional engineering (see *Gause* v. *Commonwealth Trust Co.*, 196 N. Y. 134; 12 N. Y. Jur., Corporations, §§ 576–578; 6 Fletcher, Cyclopedia of Corporations, §§ 2486–2487). Rather it would seem that the instant case falls squarely within the *Clarke* logic. There is here involved a doubtful and disputed question of interpretation of the certificate of incorporation; there has been a long and continued period during which the disputed power was used; and such power is not inconsistent with the powers enumerated (12 N. Y. Jur., Corporations, § 577). Further the corporation has been licensed to practice engineering by the Department of Education since 1935 and since 1952 has registered with the department biennially pursuant to subdivision 2 of section 7206 of the Education Law without any prior question of its right to engage in the practice of engineering. While the registration procedure did not require the department to determine if the corporation's charter authorized the practice of engineering, we think, nevertheless, this long period of countenanced use adds additional support to the corporation's claim that it has the power to practice engineering. Beyond the requirements that the corporation was continually since 1935 "lawfully practicing professional engineering", which we felt we must in justice find here, and that the chief executive officer be himself a licensed engineer, which Gottfried is, there appears no basis under section 7209 of the Education Law on which the Department of Education could refuse to grant its consent to the proposed transfer of ownership here involved. Accordingly, the order granting summary judgment in favor of the Board of Regents should be reversed and summary judgment granted in favor of appellants against the Board of Regents. Also there now appears no reason why judgment should not be granted in favor of appellants as against respondent Gottfried. Order reversed, on the law and the facts, and summary judgment granted in favor of appellants against Oscar Gottfried and the Board of Regents, with costs against the Board of Regents. Settle order. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur. [43 Misc 2d 664.]