■ In the Matter of NORTHVILLE DOCK PIPE LINE CORP., Appellant, v. L. LEON FANNING et al., Respondents.

722

Brennan, Rabin, Benjamin and Munder, JJ., concur; Ughetta, Acting P. J., dissents and votes to modify the judgment so as to grant petitioner an injunction restraining respondents from interfering with the making of the survey. The fact that petitioner is a subsidiary of Northville Dock Corporation, a family corporation, is irrelevant. The question here is whether the proposed use will be one "in common" as distinguished from one "for a particular individual" (*Pocantico Water Works Co. v. Bird*, 130 N. Y. 249, 259). Cases such as *Matter of Niagara Falls & Whirlpool Ry. Co.* (108 N. Y. 375), where a proposed purported railroad was actually to be a sightseeing device, running from Niagara Falls along the edge of the Niagara River; *Matter of Split Rock Cable Road Co.* (128 N. Y. 408), where the proposed additional tramways were to be availed of only by a private corporation; and *People ex rel. Cayuga Power Corp. v. Public Serv. Comm.* (226 N. Y. 527), which involved an attempt to convert a private electrical corporation into a public one, are inapplicable. At Northville, on the property of Northville Dock Corporation, or adjacent to it, are the facilities of a number of major oil companies and the Federal Government, all interested in the distribution of their petroleum there stored. There is nothing in the record upon which to infer that petitioner, through its parent corporation, will preserve the proposed pipeline as a monopoly. On the contrary, petitioner is counting on such general or public use. Of the 28,000,000 barrels capacity, the parent corporation will make use of the pipeline to the extent of five to six millions. Petitioner anticipates use by others, in the first full year, of 50% more than its parent corporation's use. Of course, the terminal of the pipeline must be on its private property. The extent to which others immediately within the locale will use the pipeline will depend upon the resultant saving to them, if any. The Transportation Corporations Law precludes monopoly by severe regulations as to route, rate of compensation for use of pipe lines, equality of terms and uniformity of charges for use of lines, and necessity of public statements as to the conduct of the business (§§ 81, 82, 90, 92).